**Marie DAWSON, Appellant,**

v.

**FIRST NATIONAL BANK OF TROUP, et al., Appellees.**

**No. 332.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 26, 1967.

Weldon Holcomb, Rex Kirby, Tyler, for appellant.

Ben Jarvis, Tyler, for appellees.

SELLERS, Justice.

Mrs. Marie Dawson, individually and as independent executrix, brought this suit against the First National Bank of Troup, Texas, Newell Jarvis, and Ben E. Jarvis, defendants. The suit has for its over-all purpose an accounting between plaintiff and defendants of the business of plaintiff's husband, Pleas E. Dawson, deceased, of whom plaintiff is the sole heir, and independent executrix of his estate. It appears that Pleas E. Dawson did business with the Troup bank for a number of years before his death. He owned and operated a number of oil and gas leases in Rusk County as well as some other counties. Plaintiff brought this suit upon receiving a notice from Ben E. Jarvis that he had posted notice that he, as trustee in a certain deed of trust given by Pleas E. Dawson to the First National Bank of Troup to secure a $60,000 note held by the bank, was going to sell the leases covered by said deed of trust, at the courthouse door at Henderson, in Rusk County, Texas. The deed of trust covered a number of Pleas E. Dawson's leases in Rusk County. The plaintiff, in her verified petition, with respect to said $60,000 note and deed of trust sought to be foreclosed, made the following allegations:

"Plaintiff would allege and show to the court that such instrument under which such foreclosure proceedings are purportedly being held is absolutely void under the laws and Constitution of the State of Texas for the following reasons:

"(a) That the alleged Deed of Trust is a forged instrument; that the signature on said instrument is not the signature of Pleas E. Dawson nor the Plaintiff herein nor the signature of anyone authorized by either of them to sign said instrument and said Deed of Trust is void in the hands of the payee or any assignee thereof.

"(b) In the event the signature on the Deed of Trust is found to be that of Pleas E. Dawson then said signature was secured by undue influence at a time when Pleas E. Dawson lacked the

mental capacity to execute such instrument in that he had been confined to bed by order of this doctor due to his grave illness.

"(c) That said Deed of Trust is not supported by a debt evidenced by a purported promissory note alleged to have been executed February 6, 1965 in the principal amount of $60,000.00 payable to the order of the FIRST NATIONAL BANK OF TROUP.

"(d) That said Deed of Trust is not supported by any other valid indebtedness and for that reason Defendant BEN E. JARVIS acting as Trustee has no authority to sell the properties involved.

"(e) That said Deed of Trust being in substance a contract was not executed for a valuable consideraiton or if for some consideration then not for sufficient consideration.

"(f) That said alleged note if found to exist was not executed for a valuable consideration or if for some consideration then not for sufficient consideration.

"(g) That said Deed of Trust and the alleged note was secured by fraud perpetrated upon the said Pleas E. Dawson.

"(h) That said alleged collateral indebtedness if found to have existed has become barred by the statutes of limitation and consequently the Trustee's authority to foreclose on the property involved has expired.

"(i) That said alleged collateral indebtedness if found to have existed has been discharged by payment either in full or in part and therefore the said Trustee has no authority to proceed with said foreclosure.

"(j) That said Trustee being in law a special agent of both Pleas E. Dawson and Defendant FIRST NATIONAL BANK OF TROUP is required to act with absolute impartiality but notwithstanding such legal requirement said Trustee has conspired with Defendant FIRST NATIONAL BANK OF TROUP, and defendant NEWELL JARVIS to procure said Deed of Trust in the first instance and thereafter by threatening Plaintiff with foreclosure to procure said properties for himself individually and as Trustee for Defendant FIRST NATIONAL BANK OF TROUP.

"(k) That the acknowledgment to the said Deed of Trust was not taken in the manner provided by law and the occurrence of same recorded as required by Art. 5955 V.A.C.S. and Art. 363, Texas Penal Code.

## "XI

"Plaintiff would further show the Court that immediate and irreparable injury, loss and damage will occur to her before notice can be served upon the Defendants FIRST NATIONAL BANK OF TROUP, NEWELL JARVIS and BEN E. JARVIS and hearing had upon Plaintiff's application for such restraining order restraining and enjoining the sale of the leasehold estates belonging to Plaintiff, Individually and as Independent Executrix of the Estate of Pleas E. Dawson, and for a restraining order restraining and enjoining Defendant BEN E. JARVIS from destroying, altering, concealing, mutilating or otherwise disposing of any and all papers, documents, files, instruments and any and all other similar items belonging to Plaintiff or the Estate or in anywise affecting any title, right and/or interest to which Plaintiff Individually or as Independent Executrix may have, own, possess or otherwise claim. Plaintiff would further allege and show the Court that she has no adequate remedy at Law and that no harm nor damage will occur to the Defendants if it be finally determined that the Defendant FIRST NATIONAL BANK OF TROUP is owner and holder of a valid lien against the leasehold estates set out in said Deed of Trust. By rea-

son of such facts Plaintiff respectfully prays the court to issue its order directing the Clerk of this Court to issue a restraining order without notice to the Defendants, or either of them, temporarily restraining and enjoining Defendant BEN E. JARVIS from selling such land under the purported Deed of Trust and temporarily restraining and enjoining Defendant BEN E. JARVIS from destroying, altering, concealing, mutilating or otherwise disposing of any and all papers, documents, files, instruments and similar items belonging to or affecting property owned by Plaintiff or the Estate of Ples E. Dawson until a hearing can be had to determine whether or not such restraining orders should be made into a temporary injunction during the pendency of the suit."

\*   \*   \*   \*   \*   \*

"WHEREFORE, PREMISES CONSIDERED Plaintiff prays that the Defendant be cited to appear and answer herein and that on final hearing Plaintiff have judgment declaring the said Deed of Trust to be null and void, set aside and held for naught; that the court immediately, without notice to the Defendants issue its order directing the Clerk to issue the temporary restraining orders operative until such time as may be set out by the Court for hearing to determine whether such restraining orders should be made permanent during the pendency of this suit and for such other and further orders, general and special, to which Plaintiff may show herself entitled to receive, either at law or in equity."

This petition having been submitted to the trial court without notice to the Defendants, the Court granted the temporary restraining order restraining the sale by the Trustee under the deed of trust and set hearing for a temporary injunction after notice to the Defendants.

The defendants appeared and filed answer to the Plaintiff's petition denying the allegations contained therein, and all parties announced ready for trial upon the hearing for the temporary injunction and both sides offered a number of witnesses. At the close of the hearing, the trial court entered the following order:

"On this, the 21st day of June, 1967, there came on to be heard by the Court the application of MARIE DAWSON, Plaintiff, for a Temporary Injunction upon her verified Petition, after due notice to Defendants FIRST NATIONAL BANK OF TROUP, NEWELL JARVIS, and BEN E. JARVIS, pursuant to the order of this Court heretofore entered in this cause on the 5th day of June, 1967, at four o'clock p. m.; and came the Plaintiff, in person and through her Attorney of Record, and came the Defendants, in person and through their Attorney of Record; and said Plaintiff and Defendants having announced ready for trial upon Plaintiff's application for Temporary Injunction, and the Court having read and considered the Petition of Plaintiff and having heard evidence and argument of Counsel, and it appearing to the Court that Plaintiff is not entitled to a Temorary Injunction for the reason that Plaintiff has failed to show probable cause and probable irreparable injury such as to merit a Temporary Injunction pending a final hearing and determination of the issues between the parties;

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Temporary Injunction prayed for by Plaintiff be and the same is hereby in all things denied, to which action of the Court Plaintiff, MARIE DAWSON, did then and there in open Court except and give notice of appeal to the Court of Civil Appeals for the Twelfth Supreme Judicial District of Texas, sitting in Tyler, Texas."

From this order, the Plaintiff has duly prosecuted an appeal to this Court.

The appeal of Plaintiffs from the trial court's order denying the temporary injunction is before this Court without briefs of either party and it is therefore the duty of this Court to consider the case on plaintiff's petition and defendants' answer, and the evidence offered on the hearing contained in the Statement of Facts. Rule 385(d), Texas Rules of Civil Procedure. The rule is that this Court, in appeals from interlocutory orders in injunction cases, is limited to the sole question of whether the trial court abused its discretion in entering the order appealed from. 31 T.J.2d, Section 224, page 345.

We deem it sufficient here to say that this Court has reviewed the evidence offered on the hearing and believe that it would serve no useful purpose to set out the same herein, but deem it sufficient to state that this Court finds the evidence to be sufficient to support the trial court's order.

Judgment of the trial court is affirmed.